WHITE, J.,
stated the Case, and delivered the judgment of the court:
The Grand Jury, impannelled and sworn in the Superior Court of Law for Washington, • county, at its November Term, 1819, found an Indictment against William Tankersly *and Nancy Hutchins. It charged, “that William Tankersly, of the said county of Washington, yeoman, on the first day of March, in the year of our Lord, 1819, with force and arms, at the county aforesaid, and within the jurisdiction of the Superior Court of Law holden in and for the said county of Washington, unlawfully, willingly and incestuously did intermarry with, and take to be his wife, a certain Nancy Hutchins, the niece of the said William Tankersly, being the daughter of Elizabeth Hutchins, the sister of the said William *259 Tankersly, and within the degrees prohibited by an Act of the General Assembly of Virginia, intituled, ‘An Act to regulate the solemnization of marriages, prohibiting such as are incestuous, or otherwise unlawful, &c.’ And that the said William Tankersly and the said Nancy Hutchins, then and there, from the said first of March, in the year aforesaid, until the taking of this Inquisition, did unlawfully, willingly and incestuously continue to cohabit and live together as man and wife, against the form of the Acts, &c. &c.”
Upon this . Indictment process issued against both of the said indictees, and was served upon them. At the April Term of the said Court, in the year 1820, both of the said Defendants appeared, and pleaded “not guilty” to the said Indictment ; on which plea, issue was joined, and a jury was sworn to try the same, which found a verdict of “guilty” against both of the said Defendants, and the Court rendered a judgment accordingly. To that judgment, the present Writ of Error was awarded, upon a suggestion, that the said Nancy Hutchins was not indicted for the said offence, because the said Indictment did not state in terms that she had intermarried with the said William Tankersly.
And indeed it would seem at first sight, that there was ari absence of that certainty and technical precision which the Daw requires in Criminal prosecutions. But, when it is recollected, that it was impossible that he could have,intermarried with her, unless she had also intermarried with him', and when upon an examination of the Act of Assembly it is seen that the offence is, in this respect, laid in the very words of the Act, it seems to all the Judges that there is all the certainty which reason, or the Daw of the Case requires.
The judgment is therefore affirmed.